## No. X.

### BOARD OF LAND COMMISSIONERS OF RED RIVER COUNTY v. ELIZABETH HERRING, ALIAS ELIZABETH WATSON, BY HER HUSBAND, JNO. S. HERRING.

*Appeal from Red River County.*

HEMPHILL, CHIEF JUSTICE.—Elizabeth Herring, alias Elizabeth Watson, by and through her husband John S. Herring, on the 1st day of March, 1838, applied to the board of land commissioners for the county

---

98; Land Commissioners v. Riley, 3 T., 237; Capp v. Terry, 75 T., 391. All certificates returned by commissioners as genuine, but not recommended on account of want of oath required by section 12 of Act of December 14, 1837,

of Red River for a certificate for a league and labor of land, to which she alleged she was entitled as a citizen of the Republic of Texas and the head of a family at the date of the declaration of independence. The board refused her application, and on appeal therefrom to the district court, the judgment of the board of land commissioners was reversed and a certificate or order of survey for a league and labor of land was ordered to issue to the said Elizabeth. From this judgment the board of land commissioners appealed; and the following is the statement of facts accompanying the transcript of the record sent up to this court: "That Elizbeth Watson emigrated to this government in the year 1833, and that William Watson died previous to the declaration of independence, the precise time not proved. Elizabeth Watson was a feme sole, and resided here at the date of the declaration of independence, the head of a family, and that she had never received any land, as a colonist, or emigrant, from the Government of Texas. That she had continued to reside here and is now a resident; and it was further proved that she resided as a member of William Watson's family in the year 1835; and that she intermarried with John S. Herring after the date of the declaration of independence." From the view which the court has taken of this case it will be unnecessary to notice any of the grounds assumed, whether against or in support of the judgment of the district court. The facts as set forth in the above statement are involved in much obscurity. One William Watson is mentioned, but what connection there is, if any, between him and the appellee is not stated and is left entirely to vague conjecture. The appellee is described as a feme sole, and the "head of a family." From this description the court can not ascertain with precision whether she was a widow, or a single woman who had never been married, though the term is generally appropriated to single women who have not been married; nor can we conjecture how her family was constituted. The word "family" has not been judicially defined, and in common acceptation has received very variant constructions. The court can not decide whether the appellee had a family, until it is informed in what manner it was constituted, whether by servants, by children, and if children, whether they were legitimate or illegitimate, or in what mode; for by these and various other modes of uniting several persons under one controlling head, it has been supposed a family may be formed. From the above and other instances of uncertainty in the facts as furnished to us in the above case, it is feared that any decision made by this court might operate injustice

were validated and directed to be patented by Act of January 19, 1841 (Gammel's Laws of Texas, vol. 2, p. 528). Whitehead v. Foley, 28 T., 1; Spofford v. Bennett, 55 T., 293. Under Act of February 5, 1840 (Gammel's Laws of Texas, vol. 2, p. 335), patents could only issue on certificate of recommendation from Board of Land Commissioners, and holders of unrecommended land certificates had no standing in court without it. Norton 'v. Land Commissioners, 2 T., 357; Bracken v. Wells, 3 T., 88, 90; Kemper v. Victoria, 3 T., 135; Miller v. Brownson, 50 T., 583. All surveys supported by recommended certificates valid; without them, invalid. Warren v. Shuman, 5 T., 441; Scott v. Mather, 14 T., 235; Whitehead v. Foley, 28 T., 268. Headright certificate is not color of title, unless recommended. Horton v. Crawford, 10 T., 382; Whitehead v. Foley, 28 T., 268. Prohibition in Act of February

to one or other of the parties.   It is therefore ordered and decreed that
the cause be remanded to the court below for a new trial, in order that the
facts in relation to the said case may be fully and clearly established and
set forth.

*Remanded.*